UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-60411-CIV-GAYLES

USAA LIFE INSURANCE COMPANY,

        Plaintiff,

v.

CAROL MIRONES f/k/a CAROL
SWEET and BRITTON SWEET,

        Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Carol Mirones' Motion for Partial Summary Judgment [ECF No. 75]. The Court has carefully considered the motion, the record, argument of counsel, and the applicable law. On January 17, 2017, the Court held a hearing on all pending motions in the case. This Order memorializes the Court's ruling on Carol Mirones' Motion for Partial Summary Judgment.

### I.  BACKGROUND

This consolidated action involves a dispute over life insurance proceeds.[1] In 2005, USAA issued a 20-year life insurance policy to Marc Sweet ("Marc") in the amount of $2,000,000 (the "USAA Policy"). [ECF No. 1-1]. Carol Mirones ("Carol"), Marc's wife, was the beneficiary of the USAA Policy. Marc and Carol divorced in 2013. As a part of their divorce, Marc and Carol entered into a Separation and Property Agreement ("Separation Agreement"), whereby Marc agreed that he would name Carol as the owner and beneficiary of the

---

[1] USAA's Interpleader Action, case no. 16-cv-60411, was the original action before the Court. USAA later removed Carol's state court declaratory relief action, case no. 16-cv-60913. Although Carol moved to remand case no. 16-cv-60913 based on untimely removal, she withdrew her motion at the hearing. Carol, as guardian of her children, also filed another declaratory relief action in state court against Britton over an unrelated life insurance policy, which Britton removed (case no. 16-cv-62968). The Court consolidated the three cases.

$2,000,000 USAA Policy in trust for the parties' minor children. [ECF No. 25-1]. The South Carolina court presiding over the divorce approved and incorporated the Separation Agreement into the Final Decree of Divorce. [ECF No. 25-1]. Despite the plain language of the Final Divorce Decree, Marc failed to name Carol as the owner of the USAA Policy. Instead, he changed the beneficiary to his brother, Britton Sweet ("Britton"), without the approval of the South Carolina court or Carol.

Marc died in August, 2015. Both Carol and Britton have made claims on the USAA Policy. Carol asks that the Court declare, via this summary judgment motion, that she is the rightful owner and beneficiary of the USAA Policy.

## II.     LEGAL STANDARD

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)) (internal quotation marks omitted). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine** issue of **material** fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122,

1138 (11th Cir. 2016). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

### III.   DISCUSSION

The Court finds that there are no genuine issues of material fact regarding Carol's status as the owner and beneficiary of the USAA Policy and that she is entitled to judgment as a matter of law. The Separation Agreement and Divorce Decree are clear. Marc was required to maintain the USAA Policy, make Carol the owner, and continue to have her as the beneficiary. He violated the Agreement and the South Carolina Court's order when he, without approval, changed the named beneficiary of the USAA Policy to Britton.

Britton argues that Marc had other insurance policies and that, therefore, there are genuine issues of material fact as to whether Marc was required to maintain and make Carol the owner of the USAA Policy and not one of Marc's other insurance policies. This argument is disingenuous. After questioning by the Court, Britton's counsel admitted that the USAA Policy was Marc's only policy in the amount of $2,000,000, both at the time of the Divorce Decree and his death. As there has only been one life insurance policy in the amount of $2,000,000, there can be no genuine dispute as to the applicable policy.

The Court finds that additional discovery on this issue is unwarranted. The parties conducted discovery in advance of Carol's motion for summary judgment and the hearing. Britton's counsel could not articulate any additional relevant discovery that might create a genuine issue of fact in this case. Accordingly, the Court finds, as a matter of law, that Carol is the owner

3

and beneficiary of the USAA Policy and is entitled to the proceeds for the benefit of her children.[2]

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Carol Mirones' Motion for Partial Summary [ECF No. 75] is **GRANTED.** The Court declares that Carol Mirones is the rightful owner and beneficiary of USAA Policy No. W452841787. It is further

**ORDERED AND ADJUDGED** that USAA shall make the necessary changes to the Policy and its claims record to reflect the Court's rulings.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of January, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that, other than citing a few cases relating to the general summary judgment standard and the uncontested proposition that subject matter jurisdiction cannot be waived, Britton cited no case law in his response or at the hearing and had no legal basis for the Court to deny Carol's Motion for Summary Judgment.