# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-60411-CIV-GAYLES

**USAA LIFE INSURANCE COMPANY,**

    **Plaintiff,**

v.

**CAROL MIRONES f/k/a CAROL SWEET and BRITTON SWEET,**

    **Defendants.**

_____/

## OMNIBUS ORDER[1]

**THIS CAUSE** comes before the Court on Plaintiff USAA Life's Motion to Alter or Amend Omnibus Order [ECF No. 126], Carol Mirones' ("Mirones") Motion to Alter or Amend Omnibus Order [ECF No. 132], Mirones' Bill of Costs [ECF No. 133], Mirones' Verified Motion for Attorney's Fees and Non-Taxable Costs [ECF No. 147], and Mirones' Motion for Leave to File Answer and Counterclaim to USAA's Complaint for Interpleader or, Alternatively, for Leave to File Second Amended Complaint [ECF No. 159]. The Court has reviewed the Motions and the record and is otherwise fully advised.

## BACKGROUND

On January 17, 2017, this Court held a hearing on several motions in this consolidated action, including USAA's Motion for Interpleader, for Determination Regarding Applicable Interest, and for Determination of Entitlement to Attorney's Fees [ECF No. 16] and USAA's Motion for Summary Judgment on its claim for breach of the settlement agreement. The Court

---

[1] USAA's Interpleader Action, case no. 16-cv-60411, was the original action before the Court. USAA later removed Mirones' state court declaratory relief action, case no. 16-cv-60913. Although Mirones moved to remand case no. 16-cv-60913 based on untimely removal, she withdrew her motion at the hearing. Mirones, as guardian of her children, also filed another declaratory relief action in state court against Britton over an unrelated life insurance policy, which Britton removed (case no. 16-cv-62968). The Court consolidated the three cases.

granted USAA's Motion for Interpleader in part, directing USAA to deposit $2,000,000 plus interest into the trust account of Mirones' attorney.  The Court directed that USAA should pay 18% interest from the time period November 10, 2015, to March 23, 2016, after which USAA was to pay any additional interest it earned on the proceeds for the time period March 24, 2016, to the date the proceeds were deposited into the account.  In addition, the Court denied USAA's Motion for Summary Judgment as to the breach of settlement agreement claim, finding genuine issues of material fact precluded entry of summary judgment in favor of USAA.  Significantly, the Court found that, based on the detailed record before it and argument of counsel, that there was no meeting of the minds as to any settlement agreement and dismissed the claim.  On January 20, 2017, the Court entered an Omnibus Order memorializing its rulings on the aforementioned and other issues. [ECF No. 123].

Both USAA and Carol Mirones have moved the Court to amend its Omnibus Order.  USAA argues that (1) the Court failed to add specific interpleader language to the Omnibus Order; (2) failed to rule on its request for costs and fees; and (3) improperly dismissed USAA's breach of settlement agreement claim.  Mirones argues that the Court misapplied the Texas Prompt Pay statute, essentially requesting a longer time period under which the 18% interest would accrue.  Mirones also argues that she is entitled to prejudgment interest.

## **DISCUSSION**

I.  **USAA's Arguments**

While the Court remains steadfast in its opinion that, based on the current record, there was no meeting of the minds as to interest, it is cognizant of the conflict between its denial of USAA's summary judgment motion due to disputed issues of fact and its finding that there was no meeting of the minds.  To remedy this conflict, the Court vacates that part of the January 20,

2017, Omnibus Order dismissing USAA's breach of settlement agreement claim. Mirones may file an answer to that claim.

As there are remaining issues in this action regarding the claim for breach of the settlement agreement and potential prejudgment interest (see below), the Court finds it premature to include any language in the order discharging USAA from further liability, especially as it relates to interest. The Court notes, however, that any litigation over the rightful beneficiary of the Policy is precluded by this Court's prior ruling in favor of Mirones.

## II. Mirones' Arguments

### A. Prompt Pay Interest

The Texas Prompt Pay Statute prohibits insurers from delaying the payment of first-party claims, *See* Tex. Ins. Code §§ 542.051–.061, and governs the delay in this case. The relevant statutory sections are as follows:

§ 542.051 – Definitions

> (2) "Claim" means a first-party claim that:
>
>> (A) is made by an insured or policyholder under an insurance policy or contract or by a beneficiary named in the policy or contract; and
>>
>> (B) must be paid by the insurer directly to the insured or beneficiary.
>
> (4) "Notice of claim" means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim.

§ 542.055 – Receipt of Notice of Claim

> (a) Not later than the 15th day or, if the insurer is an eligible surplus lines insurer, the 30th business day after the date an insurer receives notice of a claim, the insurer shall:
>
>> (1) acknowledge receipt of the claim;
>>
>> (2) commence any investigation of the claim; and

> (3) request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant.

> § 542.058 – Delay in Payment of Claim

>> (c) A life insurer that receives notice of an adverse, bona fide claim to all or part of the proceeds of the policy before the applicable payment deadline under Subsection (a) shall pay the claim or properly file an interpleader action and tender the benefits into the registry of the court not later than the 90th day after the date the insurer receives all items, statements, and forms reasonably requested and required under Section 542.055. A life insurer that delays payment of the claim or the filing of an interpleader and tender of policy proceeds for more than 90 days shall pay damages and other items as provided by Section 542.060 until the claim is paid or an interpleader is properly filed.

> § 542.060 Liability for Violation of Subchapter

>> (a) If an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.

At the hearing, and as reflected in the Omnibus Order, the Court held that USAA violated § 542.058(c) when it failed to file an interpleader action within ninety (90) days of receipt of notice of Mirones' adverse and bona fide claim to the proceeds of the policy. However, upon further review, the Court finds that USAA also violated § 542.055(a), which requires an insurer to acknowledge receipt of a claim, commence an investigation, and request any required documentation within fifteen (15) days of the notice of claim. Section 542.060 requires the payment of 18% interest as damages for violations of any of the subchapters of Chapter 542 of the Texas Insurance Code. *See Cox Operating, LLC v. St. Paul Surplus Lines Ins. Co.,* 795 F.3d 496, 508 (5th Cir. 2015) ("Notwithstanding § 542.058's specific reference to penalty interest, then, we think the text of the Act as a whole is clear: a violation of any of the Act's deadlines – including St. Paul's violation of § 542.055 here – triggers the accrual of statutory interest under § 542.060.").

Mirones provided USAA with written notice of her claim on August 11, 2015.  USAA did not respond to that request or her additional requests on August 17, 2015, October 6, 2015, and October 16, 2015.  As a result, USAA violated § 542.055 and the 18% interest began accruing on August 27, 2015 (sixteen (16) days after August 11, 2015).

In its Omnibus order, the Court, cognizant of the lack of cooperation between all parties in this litigation, limited the accrual of the 18% interest to March 23, 2016, the day before Mirones filed her Motion to Dismiss or Abate Complaint in Favor of Pending Parallel State Court Action [ECF No. 7].  The Court still finds this is the correct result.  While the Texas Prompt Pay Statute provides that the 18% interest accrues until the day before the insurer deposits the policy benefits, the circumstances of this action compel a different result as Mirones challenged USAA's interpleader action. [ECF No. 7].[2]

### B. Prejudgment interest

Mirones contends that she is entitled to prejudgment interest of 5% for breach of the insurance contract on top of the 18% penalty.  In light of the Court's decision to address USAA's breach of the settlement agreement claim, the Court finds it is premature to rule on the issue of prejudgment interest until a final judgment is issued.

### C. Attorneys' Fees and Costs

As with the issue of prejudgment interest, the Court finds it is premature to address Mirones' Bill of Costs [ECF No. 133] or her Verified Motion for Attorneys' Fees and Non-Taxable Costs [ECF No. 147].

---

[2] USAA belatedly filed the instant interpleader action, yet attempts to deny Mirones interest to which she is entitled.  USAA also maintains a dubious breach of settlement action to save interest costs which are far exceeded by the costs of unnecessary litigation. Mirones, in turn, fails to recognize that USAA was faced with a legitimate dispute as to the correct beneficiary of the life insurance policy at issue.  Despite these mostly valid positions, the parties and their attorneys have allowed their legal tunnel vision to prevent them from reaching an amiable resolution.

**CONCLUSION**

Based on the foregoing, it is

**ORDERED AND ADJUDGED as follows:**

1. Plaintiff USAA Life's Motion to Alter or Amend Omnibus Order [ECF No. 126] is **GRANTED in PART** and Carol Mirones' Motion to Alter or Amend Omnibus Order [ECF No. 132] is **GRANTED in PART**.

2. The January 20, 2017, Omnibus Order is **AMENDED in part** as follows:

    USAA shall pay 18% interest for the time period from August 27, 2015, (16 days following August 11, 2015) to March 23, 2016. The Court will determine whether any additional prejudgment interest is required upon issuing a final judgment.

3. The Court's Order dismissing Count II of the Complaint in Case No. 16-cv-60411 is vacated.

4. Carol Mirones' Motion for Leave to File Answer and Counterclaim to USAA's Complaint for Interpleader or, Alternatively, for Leave to File Second Amended Complaint [ECF No. 159] is **GRANTED in part.** Within ten (10) days of the date of this Order, Mirones shall file her answer to Count II of USAA's Complaint. Mirones is not permitted to file a counterclaim or a second amended complaint relating to issues already resolved by, or still under consideration of, this Court, including computation of prejudgment interest and entitlement to attorneys' fees.

5. Carol Mirones' Bill of Costs [ECF No. 133] and Mirones' Verified Motion for Attorney's Fees and Non-Taxable Costs [ECF No. 147] are **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of September, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE