UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16-cv-60411-DPG

USAA LIFE INSURANCE COMPANY,

    Plaintiff,

v.

CAROL MIRONES f/k/a CAROL
SWEET and BRITTON SWEET,

    Defendants.
_____/

## USAA LIFE'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR ATTORNEY'S FEES

Plaintiff, USAA Life Insurance Company ("USAA Life") hereby files this response in opposition to Carol Mirones's ("Mirones") Motion for Determination of Entitlement to an Award of Attorney's Fees and Costs against USAA Life. In support of its opposition, USAA Life states as follows:

### INTRODUCTION

Mirones's motion for attorney's fees is more of the same "legal tunnel vision" against which the Court previously cautioned the parties. USAA Life filed its motion to dismiss with prejudice to put an end to the seemingly unending motion practice associated with this case and to facilitate a final resolution of the ultimate issue, which is whether the Texas Prompt Pay Statute requiring payment of 18% interest applies. Rather than accommodate this effort, Mirones seeks sanctions against USAA Life's lawyers to hold them personally liable for her attorney's fees. This gross overreach is emblematic of Mirones's own tendency to pursue additional litigation rather than working toward a just, speedy and inexpensive resolution of this action.

04378234.2

Contrary to Mirones's conclusory accusations, USAA Life's lawyers have done nothing remotely approaching "egregious" conduct tantamount to bad faith. USAA Life's positions have been reasonably supported by both the facts and existing law, and no basis exists to sanction USAA Life or its counsel. Mirones, likewise, cannot recover attorney's fees under Florida law on USAA Life's claim for breach of settlement because no statute authorizes fee shifting on this claim. The default American Rule, therefore, governs and requires that each party bear its own attorney's fees. Mirones's motion should be denied.

## BACKGROUND

This case is the result of competing claims to the proceeds of a life insurance policy issued by USAA Life insuring the life of Marc Sweet (the "Policy") and a secondary question regarding the interest payable on the insurance proceeds. Because USAA Life was unsuccessful in its attempt to resolve these matters out of court, it filed this action for interpleader and breach of settlement agreement. (ECF No. 1).

In prior orders, the Court ruled that Mirones was the rightful owner and beneficiary of the Policy, (ECF No. 122), and decided that USAA Life owed 18% interest on the policy proceeds under the Texas Prompt Pay statute. (ECF No. 123). The Court later concluded that disputed questions of fact precluded entry of summary judgment on USAA Life's claim for breach of settlement, (ECF No. 168), and the Court set this claim for trial. (ECF No. 192).

In an effort move this action toward resolution, and in light of the likely time and expense associated with conducting discovery and trial on its breach of settlement count, USAA Life moved to dismiss this claim with prejudice. (ECF No. 230). Consistent with the American Rule, USAA Life's motion requested that each side bear its own attorney's fees, costs and expenses in this action. (*Id.* at ¶ 10).

Mirones opposed USAA Life's request that each side bear its own attorney's fees and filed a motion seeking attorney's fees pursuant to a "Confidential Settlement Agreement and Specific Release" dated February 15, 2016 (the "Release").  The Release is not signed by USAA Life, *see* ECF No. 235 at 13-24, and questions have arisen regarding its validity.  Mirones also seeks to hold USAA Life's lawyers personally responsible for her attorney's fees pursuant to 28 U.S.C. § 1927.

## ARGUMENT

**A.     The American Rule Broadly Limits Fee Shifting.**

Mirones's motion seeks an exception to the fundamental American Rule that each side bear its own attorney's fees.  As the Supreme Court has explained:

> "Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." The American Rule has roots in our common law reaching back to at least the 18th century, and "[s]tatutes which invade the common law are to be read with a presumption favoring the retention of long-established and familiar [legal] principles". We consequently will not deviate from the American Rule " 'absent explicit statutory authority.' "

*Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015) (citations omitted).  Here, neither statute nor contract warrants an award of attorney's fees to Mirones so her motion for fees should be denied.

**B.     Mirones Is Not Entitled to Fees Expended Defending Against USAA Life's Claim for Interpleader.**

As an initial matter, Mirones cannot recover any fees she expended defending against Count I of USAA Life's complaint, which asserts a claim for interpleader.  Section A of Mirones's motion only makes a request for fees incurred litigating Count II of USAA Life's

complaint—the claim for breach of settlement agreement. Mirones does not seek fees on the interpleader count and offers no justification for an award of these fees.

To the extent Mirones relies on 28 U.S.C. § 1927 to secure a fee award on Count I, the statute does not support it. Not only has Mirones failed to establish that any fees are recoverable under this penalty statute (*see* Section D below), the statute does not create an entitlement to an award for all fees incurred defending against an entire count of a lawsuit. *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997) (explaining that fee award under 29 U.S.C. § 1927 must bear financial nexus to excess proceeding). Accordingly, Mirones must bear her own attorney's fees incurred litigating Count I.

**C.     Fla. Stat. § 627.428 Does Not Authorize an Award of Attorney's Fees.**

Given the default rule that a party cannot recover attorney's fees for litigating a disputed settlement agreement, Mirones contends that Fla. Stat. § 627.428 authorizes a fee award. She argues that the Release is governed by Florida law[1] and that under Fla. Stat. § 627.428 she can recover fees on USAA Life's claim for breach of settlement agreement. Fla. Stat. § 627.428, however, does not authorize an award of attorney's fees for (at least) four separate and independent reasons:

*(1) Fla. Stat. § 627.428 Does Not Apply to the Policy.*

An award of fees under section 627.428 acts "as a penalty to discourage wrongful refusals to pay policy benefits." *Fla. Ins. Guar. Ass'n v. Petty*, 44 So. 3d 1191, 1193 (Fla. 2d

---

[1] In a footnote, Mirones suggests that Texas law might apply. (ECF No. 235 at 5 n.4). This footnote defies the logic of Mirones's own motion. Mirones contends that the Release supports her claim to attorney's fees. If the Release is a valid, binding agreement, then it unambiguously selected Florida law as the governing law. *See* ECF No. 235 at 18. Mirones disputes that any other agreement exists and offers no proof of any other agreement that would be governed by Texas law. Simply put, under no circumstance did the parties enter into a settlement agreement governed by Texas law, so Texas law is irrelevant to Mirones's request to shift fees on Count II.

DCA 2010) (citations omitted).  Because the statute is in derogation of the common law, it is strictly construed.  *Id.*; *see also Fireman's Fund Ins. Co. v. Tropical Shipping & Const. Co.*, 254 F.3d 987, 1010 (11th Cir. 2001) (explaining that statute must be strictly construed).  Critically, Florida law does not extend this penalty statute to all insurance policy disputes occurring in Florida.  Rather, Fla. Stat. § 627.401 provides that

> No provision of this part of this chapter applies to:
> …
> (2) Policies or contracts not issued for delivery in this state nor delivered in this state . . . .

Fla. Stat. § 627.401.  Section 627.428, therefore, ***only*** applies to policies or contracts issued for delivery in Florida or delivered in Florida.  As the Eleventh Circuit explained in a dispute over life insurance proceeds, "Florida Statutes § 627.428, providing for an award of attorneys' fees to successful beneficiaries in a suit on an insurance policy, ***applies only to policies delivered, or issued for delivery, in the State of Florida***."  *Wilmington Tr. Co. v. Manufacturers Life Ins. Co.*, 749 F.2d 694, 699 (11th Cir. 1985) (emphasis added) (citing Fla. Stat. § 627.401).  Here, the relevant insurance contract was indisputably delivered in South Carolina.  (ECF No. 16-1 at 1). And, regardless of Mirones's argument that Texas law applies to her request for interest, she has never suggested that Florida law governs claims on the Policy or that the Policy was delivered, or issued for delivery in Florida.  Accordingly, under Florida law, Fla. Stat. § 627.428 *does not apply to the Policy* and necessarily does not support an award of fees related to a dispute arising out of the Policy.  Mirones's request for attorney's fees pursuant to Fla. Stat. § 627.428 should be denied for this reason alone.

### *(2) Fla. Stat. § 627.428 Does Not Apply to All Disputes Arising Out of Settlement Agreements.*

The plain language of Fla. Stat. § 627.428 also belies Mirones's suggestion that it applies to litigation regarding settlement agreements. The statute itself explains that it regulates suits based on "a policy or contract executed by the insurer." Fla. Stat.§ 627.428; *see also State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993) (explaining that statute applies to suits arising under insurance contracts). The Release is neither a policy of insurance, nor was it executed by USAA Life, so it is not subject to section 627.428.

The case cited by Mirones regarding the application of the statute to settlement disputes, concerns a very narrow circumstance, and the court issued a holding far different from Mirones's characterization of the court's opinion. In *Pepper's Steel & Alloys, Inc. v. United States*, 850 So. 2d 462 (Fla. 2003), the Florida Supreme Court responded to a certified question from the Eleventh Circuit Court of Appeals, which it phrased as follows:

> Is an insured entitled to attorneys' fees under section 627.428, Florida Statutes, for litigating, during a lawsuit to determine coverage under an insurance policy, whether the insured and the insurer settled the coverage issue?

*Id.* at 464. The Florida Supreme Court answered:

> we hold that, where an insured sues its insurer for coverage under a policy and the parties later contest whether they have reached a settlement, section 627.428 allows a prevailing insured to be awarded the attorneys' fees incurred in litigating that issue.

*Id.* at 467. As the court reasoned, given that a coverage dispute arose under a policy, which the parties purportedly settled, "it would be incongruous to permit fees incurred in reaching a settlement agreement, but not to allow fees to determine whether the parties reached a binding settlement in the first place." *Id.* at 466.

The court's holding from *Pepper's Steel & Alloys, Inc.* does not apply here for numerous reasons.  As noted above, this action is not even about a Policy subject to section 627.428.  The court's reasoning in *Pepper's Steel & Alloys, Inc.* depends on an underlying dispute arising out of an insurance policy subject to section 627.428 and a later settlement related to a claim on that policy.  The court's reliance on *Bankers Sec. Ins. Co. v. Brady*, 765 So. 2d 870 (Fla. 5th DCA 2000) makes this point.  In *Brady*, the court awarded fees for breach of an agreement to pay a loss because the policyholder *would have been entitled* to fees under section 627.428 had he filed an action for breach of the insurance contract.  *Id.* at 873.  Here, by contrast, Mirones *would **not** be entitled* to fees under section 627.428 in a breach of contract action because the policy was not delivered or issued for delivery in Florida.  Nothing in the *Pepper's Steel & Alloys, Inc.* opinion remotely suggests that section 627.428 applies to settlement disputes between an insurer and insured independent of whether section 627.428 would apply to a claim on the Policy in the first instance.

Further distinguishing this case from *Pepper's Steel & Alloys, Inc.*, Mirones did not sue USAA Life over a coverage denial.  USAA Life has never contested that a claim on the Policy was payable, so USAA Life and Mirones necessarily did not enter into a settlement agreement about a disagreement over coverage.  In fact, the Release explicitly contemplates that Mirones may not be the party entitled to the policy proceeds and directs payment of the Settlement Sum to an account designated by *both* Mirones and Britton Sweet.  (ECF No. 235 at 13).  As a result, the Release bears no resemblance to the settlement in *Pepper's Steel & Alloys, Inc.* and that decision provides no basis to award fees in Mirones's favor.

### *(3) Mirones Does Not Meet the Requirement of Section 627.428.*

Even if section 627.428 applied in this case (which it does not), no fees would be available under it because the facts of this case do not trigger the statute. Again, the statute and its requirements must be strictly construed. *Fla. Ins. Guar. Ass'n*, 44 So. 3d at 1193. One of those requirements is that it only operates in favor of a policy's "named beneficiary." Fla. Stat. § 627.428. The Florida Supreme Court has explained that a "named beneficiary" for purposes of the statute means "one who is specifically designated as such in the policy," *Cont'l Cas. Co. v. Ryan Inc. E.*, 974 So. 2d 368, 374 (Fla. 2008), and has held that "only the named or omnibus insured, the insured's estate, specifically named beneficiaries under the policy, and other third parties who claim policy coverage through an assignment are entitled to an award of fees under section 627.428." *Id.* at 377. Mirones, however, does not fall into any of these classes so she cannot recover fees under the statute pursuant to its unambiguous requirements.

Additionally, this case does not even address a question of whether insurance benefits are payable. They are. This action arose from a dispute regarding *who* was entitled to policy proceeds. Florida courts have long held that the statute does not authorize a fee award when the insurer recognizes its obligation to pay but seeks interpleader because of conflicting claims. *See, e.g.*, *Manufacturers Life Ins. Co. v. Cave*, 295 So. 2d 103, 105 (Fla. 1974); *see also Crotts v. Bankers & Shippers Ins. Co. of New York*, 476 So. 2d 1357, 1359 (Fla. 2d DCA 1985). Mirones cannot recover fees under Fla. Stat. § 627.428 when USAA Life faced legitimate, competing claims to the Policy proceeds and availed itself of the judicial process to resolve this controversy.

### *(4) Mirones's Fee Request Requires a Threshold Determination that the Settlement Agreement Is Enforceable.*

The greatest irony of Mirones's fee request pursuant to Fla. Stat. § 627.428 is that it depends on the existence of a contract that Mirones has previously argued is not even

enforceable. *See* ECF No. 42 at 19. Mirones seeks fees based on a provision in the Release, which Mirones contends permits fee shifting so long as it would otherwise be allowed under Florida law. In order to award Mirones's attorney's fees, therefore, the Court must first resolve whether the Release is even an enforceable agreement. As demonstrated by the course of these proceedings, this is a heavily contested issue. The Court cannot now, on the present record, conclude that the Release is enforceable, and it has no reason decide this question when Fla. Stat. § 627.428 would not authorize an award of attorney's fees in any event.

Simply put, Mirones cannot shift fees in this case pursuant to Fla. Stat. § 627.428. The statute does not apply because the Policy was not issued or delivered in Florida. Florida law does not broadly recognize fee shifting in disputes arising out of settlement agreements. Mirones does not satisfy the requirements for fee shifting under Fla. Stat. § 627.428. And, awarding Mirones's attorney's fees would require a threshold determination that the Release is enforceable—something Mirones contested from the outset of these proceedings. Her request for attorney's fees under this statute must be denied.

### D.   Mirones Is Not Entitled to Attorney's Fees Under 28 U.S.C. § 1927.

Mirones's motion to punish USAA Life's lawyers by making them personally responsible for her attorney's fees should also be summarily denied. 28 U.S.C. § 1927 authorizes sanctions against an attorney (i.e., not the corporation USAA Life) for attorney misconduct. Sanctions may only be imposed under the statute when three requirements are met:

(1) the attorney must engage in "unreasonable and vexatious" conduct;
(2) the "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings;" and
(3) the dollar amount of the sanction must bear a financial nexus to the excess proceedings.

*See Peterson*, 124 F.3d at 1396.  Setting aside whether the challenged conduct even qualifies as "unreasonable and vexatious," it necessarily did not multiply these proceedings.  "Under the plain statutory language, objectionable conduct—even 'unreasonable and vexatious' conduct—is not sanctionable unless it results in proceedings that would not have been conducted otherwise." *Id.*  This case has always concerned two fundamental issues: (1) who was the rightful beneficiary of the Policy proceeds; and (2) whether and/or how much interest USAA Life owed on those proceeds.  Mirones objects to USAA Life's counsel's decision to ask a federal court to address these issues, but this conduct did not "multiply" these proceedings because the same issues would have been litigated regardless of whether that occurred in a state or federal forum.  Counsel's filing a federal lawsuit, therefore, did not result in Mirones incurring duplicate fees nor did it inappropriately multiply these proceedings.  Mirones's request for fees under section 1927 should be denied for this reason alone.

Neither did USAA Life's counsel engage in any conduct that was "so egregious that it is 'tantamount to bad faith.'"  *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007).  As the Eleventh Circuit has held:

> "Bad faith" is the touchstone. Section 1927 is not about mere negligence. . . . A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims.

*Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (citations omitted).  It appears that Mirones identifies three allegedly "egregious" actions by USAA Life's counsel: (1) USAA Life's delayed appearance in state court; (2) its filing the federal action; and (3) its continuing to litigate USAA Life's breach of settlement count after the Court denied USAA Life's motion for summary judgment.  None of these actions qualify as "tantamount to bad faith."

USAA Life had no obligation to appear in the state court action because it had not been properly served. The transcript from USAA Life's motion to set aside the default in the state court action plainly establishes this. *See* ECF No. 26 at Doc. 13-1 p. 13-22. Because USAA Life was not properly served, it had no duty to appear, and it had no reason to file a notice of removal until after it had been properly served. *See* ECF No. 26 at Doc. 13, USAA Life's Response to Motion to Remand. Under United States Supreme Court precedent, USAA Life's actual knowledge of the lawsuit was immaterial. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Thus, not only was USAA Life's delayed appearance in the state court action justified, whatever expense Mirones may have incurred associated with this *was due to her own counsel's failure to properly name and serve USAA Life in that lawsuit.* She cannot recover fees from USAA Life's lawyers to pay for her own counsel's inadvertence.

USAA Life's counsel's filing this action likewise fails to rise to the level of egregious conduct tantamount to bad faith. The parties already litigated whether USAA Life's lawsuit was subject to dismissal, (*see* ECF Nos. 7 & 10), and as disclosed in USAA Life's opposition to Mirones's motion to dismiss, USAA Life's position was wholly warranted under the law. Not only did USAA Life have a sound legal basis for pursuing its case in federal court, this Court ultimately *denied* Mirones's motion to dismiss. (ECF No. 123). Mirones's request that the Court conclude it was "egregious" for USAA Life's counsel to pursue a federal court lawsuit after the Court *denied* her request to dismiss that very same lawsuit defies reason.

Mirones's objection to USAA Life's continued pursuit of its breach of settlement count is equally infirm. Mirones calls it "egregious" for USAA Life to pursue a claim after the Court's denial of USAA Life's motion summary judgment. Were this the rule, virtually every attorney in this country would be subject to sanctions under section 1927 for taking their case to trial after

a court denies a summary judgment request. Further, Mirones's contention that this count was meritless makes no sense when she did not even seek summary adjudication on this count—if the count truly had no legal or factual support, she could have so-moved at summary judgment. Finally, the Court ruled that there *were*, in fact, disputed issues of fact on this claim, and it directed Mirones to answer this count. (ECF No. 168 at 2-3). USAA Life's counsel did not act egregiously or in bad faith by initially seeking to litigate these issues to trial.

In addition to its substantive shortcomings, Mirones's request for fees under section 1927 is also procedurally deficient. Despite section 1927 imposing a personal sanction, Mirones does not even identify which of USAA Life's attorneys allegedly acted inappropriately. Eleventh Circuit precedent holds that an attorney threatened with sanctions under section 1927 is entitled to a hearing. *Reynolds v. Roberts*, 207 F.3d 1288, 1302 (11th Cir. 2000). Accordingly, before the Court could impose sanctions under section 1927 Mirones would first be required to identify the lawyers against whom she seeks sanctions, and the Court would be required to hold an evidentiary hearing on Mirones's request. As demonstrated by the facial weakness of Mirones's motion, however, engaging in such an exercise would only further waste the parties' and the Court's resources on Mirones's meritless request for fees under section 1927. This request for attorney sanctions should be denied.

## CONCLUSION

For the foregoing reasons, USAA Life respectfully requests that Mirones's motion for attorney's fees be denied in full and that this action be dismissed with prejudice, with each side to bear its own attorney's fees, costs, and expenses.

                                        Respectfully submitted,

                                        */s/ Edward M. Holt*
                                        Michael D. Mulvaney (*Pro Hac Vice*)
                                        Edward M. Holt
                                        John A. Little, Jr. (*Pro Hac Vice*)
                                        *Attorneys for Plaintiff*

                                        **MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203
(t) 205 254 1000
(e) mmulvaney@maynardcooper.com
    tholt@maynardcooper.com
    jlittle@maynardcooper.com

**OF COUNSEL**
Jonathan M. Fordin, Esquire
Florida Bar No. 371637
jfordin@shutts.com
Jerel C. Dawson, Esquire
Florida Bar No. 152390
jdawson@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Blvd., Suite 4100
Miami, Florida 33131
Telephone: (305) 347-7390
Facsimile: (305) 347-7790

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of March 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of filing to:

Bruce A. Katzen, Esquire and
Diane Wagner Katzen, Esquire
**Kluger, Kaplan, et al,**
201 South Biscayne Blvd.,
27th Floor,
Miami, Florida 33131
bkatzen@klugerkaplan.com
dkatzen@klugerkaplan.com

Garth J. Milazzo, Esquire,
**Law Office of Garth J. Milazzao**,
401 Las Olas Blvd., Suite 1400,
Fort Lauderdale, Florida 33301
garth@milazzolaw.com

                                    */s/ Edward M. Holt*
                                    Edward M. Holt